[54 NYS3d 444]

In the Matter of MICHAEL GERARD GRIMM, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 17, 2017

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Scalise & Hamilton LLP*, Scarsdale (*Deborah A. Scalise* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition containing a single charge of professional misconduct. After a preliminary conference on June 1, 2016, and a hearing conducted on June 30, 2016, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response in support of the Grievance Committee's motion to confirm, and contends that the appropriate sanction for his misconduct is a one-year suspension, but no greater than a two-year suspension nunc pro tunc to the date of this Court's order of immediate suspension.

Charge one alleges that the respondent was convicted of a serious crime, in violation of rule 8.4 (b) and (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). On December 23, 2014, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to aiding and assisting in the preparation of false and fraudulent tax returns, in violation of 26 USC § 7206 (2). On July 17, 2015, United States District Court Judge Pamela K. Chen sentenced the respondent to eight months of imprisonment, with one year of supervised release, directed the respondent to complete 200

hours of community service, and ordered the respondent to pay taxes owed and a $100 assessment.

The documentary evidence in this case revealed, inter alia, the following:

By indictment No. 14 Cr 248, filed on April 25, 2014, the respondent was charged with 20 counts of criminal conduct, which he allegedly committed in his capacity as managing member and partner in Granny Sayz, a limited liability company that did business as a Manhattan restaurant known as Healthalicious. The charges centered on the underreporting of income, sales, and wages. It was alleged that "[i]n total, Grimm concealed over $1,000,000 in Healthalicious gross receipts alone, as well as hundreds of thousands of dollars of employees' wages, fraudulently depriving the federal and New York State governments of sales, income, and payroll taxes."

On December 22, 2014, the respondent executed a plea agreement, whereby he agreed to plead guilty to count four of the indictment, which charged him with aiding and assisting in the preparation of false and fraudulent tax returns, in violation of 26 USC § 7206 (2). Specifically, count four alleged that the respondent, together with others, provided false and fraudulent tax returns to the Internal Revenue Service that underreported gross receipts of Granny Sayz and salaries and wages paid to Healthalicious employees for the tax year 2009.

On December 22, 2014, the respondent also executed a document entitled, "Factual Basis for Guilty Plea," wherein he stipulated that he had committed numerous acts of criminal conduct from 2007 through 2010, in his capacity as a partner in Granny Sayz and as the day-to-day manager of Healthalicious. In addition, he stipulated that on January 30, 2013, during a deposition in relation to a pending civil lawsuit, he testified falsely that Healthalicious employees had not been paid in cash, and that he did not generally correspond through email about its business.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate sanction to impose, in mitigation the Special Referee noted that the respondent's crime did not involve a client or a constituent, that the respondent admitted that he violated the rules of professional conduct, and

that the respondent showed genuine remorse for his actions. Further, the respondent had a longstanding career in public service including four years with the United States Marine Corps, where he served in combat and received several commendations; employment with the Federal Bureau of Investigation; and service as a United States Congressman. Additionally, the respondent has an unblemished disciplinary history, and presented substantial evidence of his good character, including the testimony of several witnesses, who were convinced that the respondent's conduct was an aberration unrelated to his practice of law.

Notwithstanding the foregoing, we have considered as aggravating factors that the respondent's criminal conduct occurred over the course of several years; that he gave false deposition testimony, while serving as a member of Congress; and that restitution, consisting of the court-ordered payment of back taxes, remains outstanding.

Under the totality of the circumstances, we conclude that a suspension of four years is warranted, with credit for the time elapsed under the immediate suspension imposed by this Court's order.

ENG, P.J., RIVERA, DILLON, BALKIN and SGROI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael Gerard Grimm, is suspended from the practice of law for a period of four years, with credit for the time elapsed under the decision and order of this Court dated September 15, 2015 (2015 NY Slip Op 84565[U]), continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 15, 2019. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof (1) that during that period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Michael Gerard Grimm, shall continue to comply with the rules governing the conduct of

disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Michael Gerard Grimm, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Gerard Grimm, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).